**CV 13 0446**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

S.B. on behalf J.B. a minor child,

                Plaintiffs,

-versus-

SUFFOLK COUNTY, RICHARD DORMER,
Police Commissioner of the Suffolk County Police
Department; JOHN DOE 1, Individually and his Official
Capacity, an unidentified Suffolk County Police Officer,
a Caucasian Male who drove the unmarked black late
model Ford, with license plate number: DTR-4869 and
JOHN DOE 2, Individually and his Official Capacity,
an unidentified Suffolk County Police Officer, a
Caucasian Male who sat in the passenger seat of the
unmarked black late model Ford, with license plate number:
DTR-4869,

                Defendants.

Index No. CV-13

**COMPLAINT**

**JURY TRIAL DEMANDED**

SEYBERT, J
TOMLINSON, M

---

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983, 1985 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 USC §§1983 and 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 USC § 1391(b) in

1

that this is the District in which the claims arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

### Plaintiffs

6. Plaintiff S.B. is an African-American male a citizen of the United States, and at all relevant times a resident of the City and State of New York

7. Plaintiff J. B. is an African-American male a citizen of the United States, and at all relevant times a resident of the City and State of New York and was a minor during the subject events of July 20, 2010.

### Defendants

8. At the time of the commencement of this action, Defendant SUFFOLK COUNTY is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant SUFFOLK COUNTY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New Suffolk County Department.

9. Defendant RICHARD DORMER is the Commissioner of the Suffolk County Police Department. As its chief executive officer, he is responsible for the execution of all the laws, rules, and regulations of the department. He is sued in his individual and official capacities.

10. Defendants JOHN DOE 1, is an unidentified Suffolk County Police Officer, a Caucasian

2

Male who drove the unmarked black late model Ford, with license plate number: DTR-4869 and JOHN DOE 2, is an unidentified Suffolk County Police Officer, a Caucasian Male who sat in the passenger seat of the unmarked black late model Ford, with license plate number: DTR-4869.

11. Defendants JOHN DOE 1 and JOHN DOE 2 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the COUNTY OF SUFFOLK and/or the Suffolk County Police Department, a municipal agency of defendant the COUNTY OF SUFFOLK.

## RELEVANT FACTS

12. On January 20, 2010, at approximately 1:05 pm, while practicing for his New York State road test that was given later on said date, J.B. was pulled over, along with my father, one S.B and my aunt one, Delia S., by the Suffolk County Police Department on Williams Street and Cahill Street in Amityville, New York. The police car was an unmarked black late model Ford, with license plate number: DTR-4869.

13. JOHN DOE 1 advised J.B. he was being pulled over because he was "creeping" and requested to see J.B.'s license and registration. As J.B. searched for his New York State Learner's Permit, John Doe 2, in a threatening and menacing manner place his hand on the butt of and took a defensive stance. J.B. feared for his life.

14. As JOHN DOE 1 after reviewing J.B.'s learner's permit and the owner's insurance, JOHN DOE 1 told J.B. to forget it, returned to his police car with JOHN DOE 2 and drove off.

15. J.B. was stop because of racial profiling and driving while Black.

## FIRST CAUSE OF ACTION
### *(Monell/*42 U.S.C. § 1983: Claim Against Defendant City of New York For The Actions Of The NYPD)

16. Plaintiff repeats and realleges each and every allegation contained in 1 through 15 as if fully set forth herein.

17. The foregoing violations of Plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to Defendant Suffolk County, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, and falsely arrested.

18. Prior to Plaintiffs arrest, policymaking officials at the County of Suffolk, with deliberate indifference to the constitutional rights of individuals suspected or accused of criminal activity, to the risk of arresting, prosecuting and convicting innocent people, and to the right of all criminal suspects and defendants to due process and a fair trial, implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and discipline concerning:

> (a) The use of excessive promises of rewards and unduly coercive interrogation techniques with vulnerable potential witnesses, including drug users and addicts, drug dealers, and/or individuals fearing prosecution and imprisonment for their own criminal behavior; and
>
> (b) The determination of probable cause to make an arrest; and

19. Under the principles of municipal liability for federal civil rights violations, the City's Police Commissioner (or his authorized delegates), has final responsibility for training, instructing, supervising, and disciplining police personnel with respect to the investigation and

prosecution of criminal matters, including constitutional requirements.

## DAMAGES DEMAND

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a. For compensatory damages of not less than $$100,000;

b. For punitive damages against the individual Defendants of $1 million;

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

d. For pre-judgment interest as allowed by law; and

e. For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 22, 2013

S.B. father of J.B., Plaintiff, *Pro Se*
P.O. Box 778
New York, New York 10116
Telephone: 347-746-7080