```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
S.B. on behalf of J.B.,
a minor child,

                    Plaintiff,
                                              ORDER
          -against-                           13-CV-446(JS)(AKT)

SUFFOLK COUNTY, RICHARD DORMER,
Police Commissioner of the
Suffolk County Police Department,
JOHN DOE #1, Individually and in
his Official Capacity, an
Unidentified Suffolk County Police
Officer, a Caucasian Male who
drove the unmarked black late model
Ford with license plate number:
DTR-4869, JOHN DOE #2, Individually
and in his Official Capacity, an
Unidentified Suffolk County Police
Officer, a Caucasian Male who sat
in the passenger seat of the
unmarked black late model Ford with
license plate number: DTR-4869,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff       S.B., on behalf of J.B., a minor child, Pro Se
                    P.O. Box 778
                    New York, New York 10116

For Defendants      No Appearances

SEYBERT, District Judge:
```

Pending before the Court is the Complaint of pro se plaintiff "S.B." ("S.B."[1] or "Plaintiff") on behalf of his son,

---

[1] Although S.B. provides his full name on his application to proceed in forma pauperis, the Court will continue to identify him only by initial as is consistent with his Complaint.

"J.B."[2], alleged to be a minor child against Suffolk County, Suffolk County Police Commissioner Richard Dormer and two unidentified Suffolk County police officers, named as John Does (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis. For the reasons discussed herein, the application to proceed in forma pauperis is GRANTED. However, the Complaint is sua sponte DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Plaintiff's sparse Complaint purports to allege that his son, J.B., was the victim of racial profiling. According to the Complaint, Plaintiff and J.B. are African-American residents of the City of New York. (Compl. at ¶¶ 6-7.) On July 20, 2010, Plaintiff claims that he was with J.B. in a vehicle in Amityville, New York. (Id. at ¶ 12.) According to the Complaint, J.B. was practicing for his New York State road test that was scheduled for later that day, when their vehicle was pulled over by an unmarked police car with license plate number DTR-4869. (Id.) John Doe #1 is alleged to have advised J.B. that he was pulled over for "creeping" and requested J.B.'s license and registration. (Id. at ¶ 13.) While waiting for J.B. to locate these documents, John Doe #2 is alleged

---

[2] Pursuant to Administrative Order 2004-09, the Guidelines for Compliance with the August 2, 2004 Amendments to the E-Government Act of 2002 require that minor children shall be identified in Court filings only by his or her initials, rather than by his or her full name.

to have "in a threatening and menacing manner" placed his hand on the "butt of [] and took a defensive stance." (Id.)  According to the Complaint, "J.B. feared for his life." (Id.)  After reviewing J.B.'s learner's permit and insurance information, John Doe #1 allegedly returned these materials, told J.B. to "forget it" and returned to his vehicle with John Doe #2 and drove off.  (Id. at ¶ 14.)  As a result of the foregoing, Plaintiff claims that J.B.'s civil rights were violated in that the stop was "because of racial profiling and driving while Black."  (Id. at ¶ 15.)  As a result, Plaintiff seeks to recover a compensatory damages award of no less than $100,000 in addition to a punitive damages award of $1 million ($1,000,000).  (Id. at 5.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  The Court's Screening

The in forma pauperis statute, 28 U.S.C. § 1915(e)(2), requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on

3

which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). This obligation applies equally to prisoner and non-prisoner in forma pauperis cases. Awan v. Awan, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); Burns v. Goodwill Industries, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. 2002).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it rasing the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this state of the proceeding, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

    A.    <u>Capacity to Sue</u>

It is well-established that a pro se litigant cannot

4

represent anyone other than him or herself. Berrios v. New York City Housing Auth., 564 F.3d 130, 133 (2d Cir. 1999) (a non-attorney parent cannot appear on behalf of his or her child); see also Tindall v. Poultney High School District, 414 F.3d 281, 284 (2d Cir. 2005); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); see also Wenger v. Canastota Central School District, 146 F.3d 123, 124 (2d Cir. 1998) (holding that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child), overruled on other grounds by Winkelman v. Parma City School District, 550 U.S. 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007). "The choice to appear pro se is not a true choice for minors who under state law, see FED. R. CIV. P. 17(b), cannot determine their own legal actions." Tindall, 414 F.3d at 284 (citing Cheung, 906 F.2d at 61). District courts have a duty to enforce the rule against pro se representation of a child by his or her non-attorney parent sua sponte because "[t]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." Wenger, 146 F.3d at 125 (citing Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)); see also Fayemi v. Bureau of Immigration and Custom Enforcement, No. CV-04-1935, 2004 WL 1161532, at * 1 (holding that when it is apparent that a lay person is suing on behalf of a minor, the district court has a duty

5

to protect the child by enforcing, sua sponte, the prohibition against unauthorized representation).

Accordingly, the pro se Plaintiff cannot represent his son in this case and Plaintiff is therefore directed to obtain counsel on behalf of his son and have counsel file an Amended Complaint in accordance with this Order by May 20, 2013 or the claims asserted on behalf of his son will be dismissed without prejudice.[3]

B.  Rule 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pleadings must give "fair notice of what the . . . claim is and the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and identify the nature of the case.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); see also Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  When a complaint fails to satisfy the Rule 8 pleading standard, a district court may dismiss the complaint on motion or sua sponte.  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

---

[3] The Court has considered whether to appoint pro bono counsel to represent J.B. in this case.  Such appointment is not warranted at this time because, for the reasons that follow, the present Complaint does not allege a plausible claim.

Additionally, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. at 1955).

Even liberally read, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 163 (1980), Plaintiff's pro se Complaint does not meet the pleading requirements of Rule 8 nor does it begin to approach the standard set forth by the United States Supreme Court. Indeed, although not named as a defendant or otherwise included in the body of the Complaint, Plaintiff's first and only cause of action is alleged against the "City of New York for the Actions of the NYPD." (Compl. at 4.) Moreover, notwithstanding the allegations that the John Doe officers left the scene following the traffic stop without arresting either Plaintiff or J.B., the only claim alleged is for false arrest. (Id.) Accordingly, the Complaint is DISMISSED in its entirety and, **unless an Amended Complaint is filed by May 20, 2013**, any claims asserted

7

on Plaintiff's own behalf will be deemed dismissed with prejudice.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED.  **However, J.B.'s claims are sua sponte DISMISSED without prejudice unless counsel enters an appearance on his behalf and files an Amended Complaint in accordance with this Order by May 20, 2013.  Plaintiff's claims brought on his own behalf are sua sponte DISMISSED with prejudice unless Plaintiff files an Amended Complaint which properly states any viable claims against the Defendants by May 20, 2013.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 17, 2013
       Central Islip, New York