UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| SAMAAD BISHOP and JABARI BISHOP, | Index No. CV-13- 446 (JS) (AKT) |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| -versus- | **JURY TRIAL DEMANDED** |
| SUFFOLK COUNTY, RICHARD DORMER, Police Commissioner of the Suffolk County Police Department; JOHN DOE P.O. #1, Individually and his Official Capacity, an unidentified Suffolk County Police Officer, a Caucasian Male who drove the unmarked black late model Ford, with license plate number: DTR-4869 and JOHN DOE P.O. #2, Individually and his Official Capacity, an unidentified Suffolk County Police Officer, a Caucasian Male who sat in the passenger seat of the unmarked black late model Ford, with license plate number: DTR-4869, | |
| Defendants. | |

------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983, 1985 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the United States.

2. Public records, court filings and records, data, sworn testimony all of which are in the possession of Suffolk County, suggest and indicate that, Plaintiffs, African-Americans are not alone in being racially profiled and illegally stopped without probable cause or legal justification, only because of being African-Americans, Black, Latinos and person of color by members of the Suffolk County Police Department while their driving respective motor vehicles on the roads, by-ways, highways and thru fares of Suffolk County.

## JURISDICTION AND VENUE

3. This action is authorized by 42 U.S.C. §1983. Subject matter jurisdiction for Plaintiffs' federal claims rests upon 28 U.S.C. §§ 1331 and 1343(a)(4).

4. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief. The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

## VENUE

5. Venue is properly laid in the Eastern District of New York under 28 USC § 1391(b) in that, this is a district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred..

## JURY DEMAND

6. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

### Plaintiffs

7. Plaintiff SAMAAD BISHOP, is an African-American male over the age of twenty-one, a citizen of the United States, and at all relevant times a resident of the City and State of New York

8. Plaintiff JABARI BISHOP is an African-American male over the age of twenty-one, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

### Defendants

9. At the time of the commencement of this action, Defendant SUFFOLK COUNTY is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law

enforcement and for which it is ultimately responsible. Defendant SUFFOLK COUNTY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Suffolk County Department.

10. Defendant RICHARD DORMER was the Commissioner of the Suffolk County Police Department (hereinafter referred to as "SCPD") during the subject events. As the SCPD chief executive officer, he is responsible for the execution of all the laws, rules, and regulations of the department. He is sued in his individual and official capacities.

11. Defendants JOHN DOE P.O. #1, is an unidentified Suffolk County Police Officer, a Caucasian Male who drove the unmarked black late model Ford, with license plate number: DTR-4869.

12. JOHN DOE P.O. # 2, is an unidentified Suffolk County Police Officer, a Caucasian Male who sat in the passenger seat of the unmarked black late model Ford, with license plate number: DTR-4869.

13. Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the SUFFOLK COUNTY/or the SCPD, a municipal agency of defendant the SUFFOLK COUNTY.

## RELEVANT FACTS

14. On January 20, 2010, SAMAAD BISHOP and his sister, assisted JABARI BISHOP with practicing for his New York State road test, which was given later on said date. The motor vehicle driver belong to SAMAAD BISHOP'S sister, whom is also JABARI BISHOP'S aunt.

15. At approximately 1:05 pm, right after JABARI BISHOP began to continue to drive after making a complete and full stop at a stop sign on Williams Avenue and Cahill Street Amityville, New York, from behind, a black unmarked police car, a late model FORD license plate number DTR-4869, with its siren and lights blaring, verbally directed through a PA system that JABARI BISHOP pull over the motor vehicle.

16. JABARI BISHOP followed the SCPD police officers' instructions and safely parked the motor vehicle in front of 100 Williams Street, Amityville, New York.

17. JOHN DOE P.O. #1 and JOHN DOE P.O. #2 exited their unmarked police car. JOHN DOE P.O.#1 approached the driver's side of the automobile, while JOHN DOE P.O. #2 approached the driver's side of the automobile with his hand on his hand gun and took a defensive stance.

18. JOHN DOE P.O. #1 knocked on the driver's side window and asked JABARI BISHOP to roll the window down. JABARI BISHOP complied. JOHN DOE P.O. #1 pulled a shield on a chain from his neck and announced "Suffolk County Police" and that requested that JABARI BISHOP'S present his driver's license and registration for inspection. JABARI BISHOP complied and presented his learners permit and the motor vehicle insurance to JOHN DOE P.O. #1.

19. SAMAAD BISHOP sitting in the back seat on the driver's side of the motor vehicle observed that, while JOHN DOE P.O. #1 was conversing with JABARI BISHOP, JOHN DOE P.O. #2, while having his hand in a menacing and furtive manner on his gun, knocked on the passenger's window and instructed my sister to roll her window. My sister complied.

20. SAMAAD BISHOP and JABARI BISHOP feared for their lives as JOHN DOE P.O. #2 held his gun in a menacing manner. Visions of numerous innocent African Americans that were murdered by police officers while being pulled over on the road raced through SAMAAD BISHOP'S and JABARI BISHOP'S minds. SAMAAD BISHOP and JABARI BISHOP felted trapped like an animal with no means to escape, with JOHN DOE P.O. #1 armed with a gun and badge and JOHN DOE P.O. #2 had his hand on gun. SAMAAD BISHOP and JABARI BISHOP knew that they could not free themselves of being illegally confined by a show of force and firearms in the hands of JOHN DOE P.O. #1 and JOHN DOE P.O. #2.

21. JABARI BISHOP asked JOHN DOE P.O. #1 why he was pulled over. JOHN DOE P.O. #1 replied "For creeping". After examining JABARI BISHOP'S leaner's permit, JOHN DOE P.O. #1

looked across the car at JOHN DOE P.O. #2 and shook his head indicating to JOHN DOE P.O. #2 that these people did nothing wrong. JOHN DOE P.O. #2 nodded his head in agreement. JOHN DOE P.O. #1 returned JABARI BISHOP'S learner's permit back to JABARI BISHOP and gave JABARI BISHOP to leave and proceed about his way.

22. While confined by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, the fear of being shot dead by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was heighted by the fact that SAMAAD BISHOP and JABARI BISHOP knew that the stop and unlawful detention by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was unreasonable because SAMAA BISHOP and JABARI BISHOP knew they committed crime or traffic violation or other violation or law, and SAMAAD BISHOP.

23. While confined by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, the fear of being shot dead by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was heighted by the fact that SAMAAD BISHOP and JABARI BISHOP knew that the stop and unlawful detention by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was unreasonable because SAMAAD BISHOP and JABARI BISHOP knew they were not suspected of committing crime or traffic violation or other violation or law.

24. While confined by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, the fear of being shot dead by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was heighted by the fact that SAMAAD BISHOP and JABARI BISHOP knew knew that the stop and unlawful detention by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was unreasonable because SAMAAD BISHOP and JABARI BISHOP knew they were not about to commit any crime or traffic violation or other violation or law.

25. While confined by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, the fear of being shot dead by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was heighted by the fact that SAMAAD BISHOP and JABARI BISHOP knew that the stop and unlawful detention by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was unreasonable because SAMAAD BISHOP and JABARI BISHOP knew JOHN DOE P.O. #1 and JOHN DOE P.O. #2 had no reliable information from a witness, 9-1-1 call, SCPD radio transmission

and they them witnessed that SAMAAD BISHOP and JABARI BISHOP committed any crime or traffic violation or other violation or law.

26. While confined by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, the fear of being shot dead by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, was heighted by the fact that SAMAAD BISHOP and JABARI BISHOP knew that the stop and unlawful detention by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was unreasonable because SAMAAD BISHOP and JABARI BISHOP knew JOHN DOE P.O. #1 and JOHN DOE P.O. #2, had no probable cause, legal justification or privilege to stop, seize and detain SAMAAD BISHOP and JABARI BISHOP as SAMAAD BISHOP and JABARI BISHOP did not committed any crime or traffic violation or other violation or law.

27. While confined by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, the fear of being shot dead by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, was heighted by the fact that SAMAAD BISHOP and JABARI BISHOP knew that the stop and unlawful detention by JOHN DOE P.O. #1 and JOHN DOE P.O. #2 was unreasonable because SAMAAD BISHOP and JABARI BISHOP did not consent to being stopped, sized and detained by JOHN DOE P.O. #1 and JOHN DOE P.O. #2, had no probable cause, legal justification or privilege to stop, seize and detain SAMAAD BISHOP and JABARI BISHOP as SAMAAD BISHOP and JABARI BISHOP did not committed any crime or traffic violation or other violation or law.

28. As a result of JOHN DOE P.O. #1 and JOHN DOE P.O. #2 unreasonable seizure and false arrest, SAMAAD BISHOP and JABARI BISHOP continue to suffer anxiety, undue stress and emotional distress.

## NOTICE OF CLAIM

29. With respect to Plaintiffs state law claims against Suffolk County , a Notice of Claim was duly filed with SUFFOLK COUNTY within 90 days of the the January 20, 2010 incident. SUFFOLK COUNTY has not offered to settle Plaintiffs state law claims.

30. A Notice of Claim is not required for Plaintiffs' state law claims asserted against the individual Defendants because Plaintiff alleges intentional conduct. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the Notice of Claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ...shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen.Mun. L. § 50-k(3).

## NEW YORK ATTORNEY GENERAL CONTACTED

31. On or about May 1, 2010, Plaintiffs, by way of a letter contacted the State of New York Attorney General to inform the Attorney general of the racial discriminatory practices of Defendant SUFFOLK COUNTY.

## FACTS ESTABLISHING OFFICIAL MUNICIPAL POLICY

32. The experiences of SAMAAD BISHOP and JABARI BISHOP do not constitute isolated incidents. Rather, they are part of a larger pattern and practice that exists within the SCPD.

33. Members of the SCPD engage in a pattern and practice of subjecting African Americans Motorist to racial profiling and illegal stops of their motor vehicles on the road of Suffolk without any probable cause or legal jsutifcation.

34. The challenged conduct by members of the SCPD constitutes official municipal policy. First, the policy and practice of unlawfully stopping, seizing and detaining African-American motorist without probable cause of criminal activity is the official stated policy of the

SCPD. , Second, both challenged policies and practices—the unlawful seizures and African-American motorist without probable cause are so widespread and frequent as to constitute a custom and usage of members of the SCPD. Third, SUFFOLK COUNTY was well aware of, yet deliberately indifferent to, the prevalence of the challenged policies, failing to make meaningful attempts to improve the training and supervision of members of the SCPD. For each of these reasons, the policies and practices here are directly attributable to SUFFOLK COUNTY.

### Custom and Usage

34. The experiences of SAMAAD BISHOP and JABARI BISHOP are by no means unique or anomalous. Rather, they are representative of widespread and frequent actions by members of the SCPD. They occur as part of a larger pattern and practice of unlawfully seizing and arresting African-American motorist without absent probable cause, that is so prevalent as to amount to a custom and usage of City-Defendants.

35. The existence of this custom and usage is underscored by reference to the remarkable number of complaints that are filed against the SCPD for racial profiling African-Americans, Hispanics and person of color.

### Deliberate Indifference in Failure to Train and Supervise

36. SUFFOLK COUNTY has been aware of the incidents described above and the pervasive nature of the pattern and practice by members of the SCPD of unlawfully seizing and arresting African Americans motorist without probable cause, and the pattern and practice of subjecting them to false arrest and unreasonable seizure. Yet, SUFFOLK COUNTY has been deliberately indifferent to these patterns and practices, and have not attempted to remedy them.

37. SUFFOLK COUNTY also has had actual knowledge of these patterns and practices for several years from various sources.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### UNLAWFUL SEIZURES VIOLATION OF THE FEDERAL CONSTITUTION

38. Plaintiffs incorporate herein by reference Paragraphs 1 through 37.

39. The SUFFOLK COUNTY Defendants are liable pursuant to 42 U.S.C. § 1983 for maintaining a policy, practice, and custom of unreasonably seizing and unlawfully arresting New York City public middle school and high school students absent probable cause of criminal activity in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2 are liable pursuant to 42 U.S.C. § 1983 for unreasonably seizing SAMAAD BISHOP and JABARI BISHOP. in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

### SECOND CAUSE OF ACTION
### FALSE ARREST/FALSE IMPRISONMENT

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. At all relevant times, Plaintiff did not commit a crime or violation.

43. Plaintiff was not free to leave while detained and arrested by Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2 Plaintiffs were aware of their confinement and did not consent to it.

44. Accordingly, Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2 are liable to Plaintiffs.

### THIRD CAUSE OF ACTION
### FAILURE TO INTERVENE

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2 had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights, but they failed to intervene.

47. Accordingly, Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2 are each liable to Plaintiffs under the Constitution for not intervening to prevent the violation of their rights.

## FIFTH CLAIM
### MONELL CLAIM AGAINST THE CITY OF NEW YORK

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. SUFFOLK COUNTY is a "person" within the meaning of 42 U.S.C. §1983

50. SUFFOLK COUNTY, through a policy, practice or custom, directly caused the Constitutional violations suffered by Plaintiffs.

51. Upon information and belief, SUFFOLK COUNTY, at all relevant times, was aware that Constitutional violations suffered by Plaintiffs.

52. Upon information and belief, SUFFOLK COUNTY, at all relevant times, was aware that Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2, as well as numerous other members of the SCPD are unfit officers who have previously committed acts similar to, as well as numerous other members of the SCPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been in adequately trained.

## SIXTH CAUSE OF ACTION
### VICARIOUS LIABILITY CLAIM AGAINST SUFFOLK COUNTY

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Defendants JOHN DOE P.O. #1 and JOHN DOE P.O. #2 were acting within the scope of their employment as members of the SCPD, and as agents, servants and employees of SUFFOLK COUNTY when they committed the torts alleged herein.

55. Accordingly, SUFFOLK COUNTY is vicariously liable to Plaintiff under New York state law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows: a. Compensatory damages against all defendants, jointly and severally; b. Punitive damages in an amount to be determined by a jury; and declaratory and injunctive relief.

May 18, 2013

_____  
Samaad Bishop, Plaintiff

_____  
Jabari Bishop, Plaintiff