**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SAMAAD BISHOP and JABARI BISHOP,

                                  Plaintiffs,

                - against -

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE COMISSIONER
RICHARD DORMER, in his Individual and
Official Capacities, POLICE OFFICER
JOSEPH M. ZURL, SHIELD NO. 5349, in his
Individual and Official Capacities, as a Suffolk
County Police Officer and POLICE OFFICER
DAVID J. FRIEDRICH, SHEILD NO. 5729,
in Individual and Official Capacities as a
Suffolk County Police Officer,

                                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

13-446 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

*Pro se* Plaintiffs Samaad Bishop and Jabari Bishop ("Plaintiffs") bring this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1986 against Defendants Suffolk County ("the County"); Suffolk County Police Commissioner Richard Dormer ("Commissioner Dormer"), in his individual and official capacity; Suffolk County Police Office Joseph M. Zurl ("Zurl"), in his individual and official capacity; and Suffolk County Police Officer David J. Friedrich ("Friedrich"), in his individual and official capacity (collectively, "Defendants"). Plaintiffs allege violations of their constitutional rights under the Fourth Amendment. *See generally* Third Verified Complaint ("Third Compl."). [DE 29]. Presently before the Court is the motion by Samaad Bishop ("Bishop"), pursuant to Fed. R. Civ. P. 53(9) and Local Civil Rule 6.3, for reconsideration of the

Court's August 18, 2014 Order (the "August 18, 2014 Order"), in which the Court denied Bishop's request to "so order" two subpoenas directed to the New York City Police Department ("NYPD") [DE 43].  *See generally* Notice of Motion and Plaintiff Samaad Bishop's Affirmation in Support of Motion for Reconsideration ("Bishop Aff.") [DE 75].[1]  Defendants oppose the motion on the grounds that Plaintiffs have failed to demonstrate any intervening change of controlling law or any newly discovered evidence and further that Plaintiffs' arguments are moot.  *See generally* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration ("Defs.' Opp'n") [DE 54].

For the following reasons, Bishop's motion for reconsideration is DENIED.

---

[1] Plaintiffs seek, as an alternative to reconsideration, an order certifying the August 18, 2014 Order for interlocutory appeal pursuant to the 28 U.S.C. § 1292(b).  *See generally* Plaintiff's Motion for Reconsideration and Objection to the Discovery Order of Magistrate Judge A. Kathleen Tomlinson Dated August 18, 2014 or in the Alternative, for Certification of an Interlocutory Appeal ("Pls.' Mem.") [DE 88], at 8-9.  However, a motion to certify an interlocutory appeal under 28 § 1292(b) is dispositive and a magistrate judge can rule finally on it only when there is full consent under 28 U.S.C. § 636(c).  *Compare* 28 U.S.C. § 636(c)(1) (a magistrate judge, upon consent of the parties, "may conduct any or all proceedings in a . . . civil matter"); *with id.* § 636(c)(3) ("Upon entry of *judgment* in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the *judgment* of the magistrate in the same manner as an appeal from any other *judgment* of a district court.") (emphasis added); *and id.* § 1292(b) (providing that a "district judge" may certify an interlocutory order for appeal); *see also Vitlos v. Citizens Banking Co.*, 984 F.2d 168, 169 (6th Cir. 1993) (noting that "designation pursuant to § 636(c) . . . may enable a magistrate judge to enter a certification for interlocutory appeal under 28 U.S.C. § 1292(b)," but finding there was no "grant of plenary jurisdiction" to a magistrate judge in this case).  Here, the parties have not consented to this Court's jurisdiction under § 636(c) for all purposes and this Court therefore has no authority to enter an order certifying the August 18, 2014 Order for interlocutory appeal pursuant to § 1292(b).  Even if this Court had such authority, it could not and would not certify an interlocutory appeal.  *See S.E.C. v. Straub*, No. 11 Civ. 1945, 2013 WL 4399042, at *6–7 (S.D.N.Y. Aug. 5, 2013) (because an interlocutory appeal will not lead to the termination of the litigation, the court declined to certify an interlocutory appeal); *Int'l Bus. Machines Corp. v. U.S.*, 493 F.2d 112, 118 (2d Cir. 1973) (citing *Weight Watchers of Philadelphia v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 773–774 (2d Cir. 1972)) (discovery order at the pre-trial stages of litigation are "especially inappropriate for interlocutory appeals."); *In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987).  Accordingly, this request for alternative relief is DENIED.

## II. RELEVANT BACKGROUND

On August 7, 2014, Bishop filed a letter motion requesting, *inter alia*, that the Court "so order" two subpoenas directed to the "Records Access Officer" of the NYPD. *See* DE 41. The subpoenas sought all NYPD personnel files for Defendants Zurl and Friedrich, both of whom were employed by the NYPD prior to joining the Suffolk County Police Department. *See id.* Defendants opposed the motion, arguing that the NYPD personnel files are not relevant to the allegations in the Complaint. *See* DE 40. However, Defendants requested that, if the Court found that Plaintiffs are entitled to the personnel records, the Court permit counsel for Defendants to provide the records to the Plaintiffs once the records were "appropriately redacted to protect the officers' personal information." *Id.*

In its August 18, 2014 Order, the Court denied Bishop's request to "so order" the two subpoenas directed to the NYPD. *See* DE 43. The Court first noted that "a subpoena is not the proper vehicle to attempt to obtain records from a direct defendant in a case. . . . Instead, the documents requested are properly asked for as part of the discovery process between the parties." *Id.* at 1-2. With regard to the documents requested by the subpoenas, the Court stated that it generally "does not allow wholesale production of personnel files in any case because often such records contain matters related to insurance, healthcare claims, pension benefits, etc. – matters which have no relevancy to a plaintiff's litigation of a case of this nature." *Id.* at 2. For these reasons, the Court declined to permit a wholesale production of the personnel records for Defendants Zurl and Friedrich. *Id.* (citing *Murphy v. Bd. of Educ. of Rochester Sch. Dist.*, No. 00-CV-6038, 2000 WL 33945849, at *2 (W.D.N.Y. Sept. 11, 2000) ("This Court will not countenance the wholesale disclosure of scores of [district] personnel files in this case. The personnel files

3

requested here undoubtedly contain private and confidential information regarding [district] employees which would have little, if any, relevance to the issues . . . raised by [plaintiff].")).

Although the Court declined to "so order" the subpoenas, the August 18, 2014 Order directed Defendants to produce certain personnel records. *See id.* at 2-3. The Court made the following rulings:

> [T]he Court will direct defendants to produce all records of the hiring, training, and retention, as well as any disciplinary records for the two police officers (including any complaints made against them) where the claim was for an improper stop or false arrest, as relevant to plaintiffs' claims of inadequate screening and hiring. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Defendants will be required to produce these records for the 5-year period preceding the filing of the Complaint, namely January 22, 2013. Defendants are to provide these records to plaintiffs -- limited to the time period of January 22, 2008 to January 22, 2013 -- by September 3, 2014. Defendants are also required to produce all records requested/received from the New York City Police Department at the time the defendants were interviewed and hired. The Court notes that the period during which the two defendants were employed by the N.Y.P.D. is well beyond this 5-year period. Thus, the Court is making an exception to the 5-year period set forth above with respect to these records only. Consequently, the Court will not require defendants to produce other documents from the N.Y.P.D. other than those directed above concerning the documents received by the S.C.P.D. at the time the defendants were screened and hired. Defendants may redact the records to protect the officers' personal information (*e.g.*, addresses, dates of birth, social security numbers, etc.). In addition, such records are subject to the terms of the confidentiality agreement entered into by the parties.

*Id.*

During the September 11, 2014 status conference with the parties, the Court noted that, pursuant to the August 18, 2014 Order, Defendants were required to provide, *inter alia*, "any records received from the NYPD as part of the job application for both [Zurl and Friedrich] or any NYPD materials considered by the SCPD in hiring these officers." DE 51 ¶ 9. Defendants'

4

counsel represented during the conference "that all such materials had been provided to the plaintiffs." *Id.* The Court directed Defendants' counsel "to provide the Court with a copy of these materials as previously turned over to plaintiffs." *Id.* (emphasis omitted). Defendants' counsel thereafter provided the Court with copies of the NYPD documents Defendants had previously provided to Plaintiffs in response to their discovery demands. *See* DE 49.

### III. LEGAL STANDARD ON MOTION FOR RECONSIDERATION

A motion for reconsideration brought pursuant to Rule 59 and Local Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order." *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing Local Civil Rule 6.3). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (quotation marks omitted);

*see also Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. Oct. 9, 1979). Furthermore, "[a] party seeking reconsideration may . . . no[t] "advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quotations and citation omitted)); *see, e.g.*, *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014); *Image Processing Techs., LLC v. Canon Inc.*, 10–CV–3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan.26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.") (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

**IV.** **DISCUSSION**

Having considered the parties' arguments, as discussed below, the Court concludes that Plaintiff Bishop has not met his burden of showing that any of the grounds for reconsideration are present here – that is, that there has been an intervening change of controlling law, that new evidence has become available, or that there exists "the need to correct a clear error or prevent manifest injustice." *Virgin*, 956 F.2d at 1255. This motion is essentially the response to Plaintiffs' disagreement with the prior rulings of the Court – not grounds that fit within Local Rule 6.3.

Bishop first asserts that "newly available evidence" from the officers' personnel files would have led the Court to reach a different outcome in the August 18 Order. Pls.' Mem. 2-4; Bishop Aff. ¶¶ 2-5. Bishop states that, on July 28, 2014, Plaintiffs received "over 1250 pages of documents" from Defendants in response to Plaintiffs' discovery requests. Pls.' Mem. at 3; *see*

Bishop Aff. ¶ 3. This production included certain documents from the SCPD personnel files of Defendants Zurl and Friedrich, including, *inter alia*, a pension annuity savings account statement, automobile insurance card, Social Security card, bank statement, and cell phone bill. *See id.*; Bishop Aff. ¶ 3. Defendants redacted much of the information on these documents prior to disclosing them. Pls.' Mem. at 3; *see* Bates–stamped documents annexed to Bishop Aff. Based on the disclosure of these redacted documents, Bishop asserts that Defendants have effectively "waived" any protection of the officers' personal information in their NYPD personnel files, and that any concerns as to the disclosure of this information have been "made moot by the production of Defendants' personal records contained in Defendants' [SCPD] personnel files." Pls.' Mem. at 3; Bishop Aff. ¶¶ 3, 5.

Contrary to Bishop's contentions, Defendants' disclosure of the redacted documents does not provide proper grounds for reconsideration of the Court's August 18, 2014 Order. As Defendants point out in their opposition, *see* Defs.' Opp'n at 4, Bishop admits that he was in possession of these documents at the time Plaintiffs asked the Court to "so order" the subpoenas. *See* Pls.' Mem. at 3. Likewise, although Bishop asserts that he was not aware of these documents at the time he made his motion, *see id.*, the documents nevertheless do not qualify as "new evidence" for purposes of the instant motion for reconsideration. *See, e.g.*, *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523–24 (S.D.N.Y. 2014) (holding that a party requesting reconsideration "cannot rely upon facts, issues, or arguments that were previously available but not presented to the court[.]"); *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters . . . were presented to the court on the underlying motion" (quotations and citations omitted)). In any event, Bishop's theory that Defendants have

somehow waived protection of the personal information contained in their NYPD personnel files by disclosing certain *redacted* documents from their SCPD personnel files is wholly unavailing. As Defendants note in their opposition, the personnel records cited by Bishop "were redacted prior to their production to the plaintiff[s] specifically to prevent disclosure of any social security numbers, dates of birth, home addresses, personal automobile information, account information, payment information, and policy numbers." Defs.' Opp'n at 5.

Bishop next argues that the Court overlooked a material fact in the August 18, 2014 Order when it held that a subpoena is not the proper vehicle to obtain discovery from a direct defendant in this case. *See* Pls.' Mem. at 2; Supplemental Memorandum of Law in Further Support of Plaintiffs' Motion for Reconsideration ("Pls.' Supp. Mem."), at 2 [DE 89]; Supplemental Affirmation of Samaad Bishop in Further Support of Motion for Reconsideration ¶¶ 4-9 [DE 77]. In particular, Bishop asserts that the Court committed a "clear error" when it "overlooked the fact that [the] subject subpoenas are . . . not addressed to any named Defendant in the case at bar" and are instead addressed to the NYPD. Pls.' Mem. at 2.

Bishop's argument lacks merit. For one, the Court was well aware at the time it issued the August 18 Order that the two relevant subpoenas were directed to the NYPD. Plaintiff appears to overlook the fact that even though the subpoenas were directed to the NYPD, they were *for the records of the individual defendants*. Thus, the Court did not "overlook" this fact, as Bishop contends. Moreover, Bishop has not demonstrated that the Court committed a "clear error" by holding, *inter alia*, that "a subpoena is not the proper vehicle to attempt to obtain records from a direct defendant in a case" and the personnel records Bishop sought here are instead "properly asked for as part of the discovery process between the parties." DE 43 at 1-2; *see* Pls.' Supp. Mem. at 2. "[T]he federal rules give district courts broad discretion to manage the manner in

which discovery proceeds." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003); *see Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (holding that a district court has broad discretion "to direct and manage the pre-trial discovery process"). Consequently, it was well within the Court's discretion to decline to "so order" Bishop's proposed subpoenas and to instead direct Defendants to produce any NYPD personnel documents in their possession which were obtained by the Suffolk County Police Department ("SCPD") when Officer Zurl and Officer Friedrich applied for employment with the SCPD. *See generally Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) ("The decision whether to quash or modify a subpoena is committed to the sound direction of the trial court." (citations omitted)); *Ireh v. Nassau Univ. Med. Ctr.,* No. 06-CV-09, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008) *aff'd*, 371 F. App'x 180 (2d Cir. 2010) (citing *Olszewski v. Bloomberg L.P.*, No. 96 Civ. 3393, 2000 WL 1843236, at *4 (S.D.N.Y. Dec.13, 2000)); *accord Njos v. Kane*, No. 3:CV-12-1252, 2015 WL 999398, at *7 (M.D. Pa. Mar. 5, 2015) ("A court's broad discretion in discovery also extends to decisions regarding whether to issue subpoenas to *pro se* litigants." (citing *Gay v. Petsock*, 917 F.2d 768, 773 (3d Cir. 1990)). Since Plaintiffs have continued to argue that Suffolk County is liable for the negligent screening of these two officers, the only relevant information here is that which the SCPD obtained and relied upon from the NYPD during the hiring process. Defendants' counsel have represented that all such documents have been produced to the Plaintiffs. Bishop therefore has not demonstrated that the Court committed a clear error which warrants reconsideration of the August 18, 2014 Order.

The Court also is not persuaded by Plaintiff's unsupported allegations that the August 18, 2014 Order will enable Defendants to withhold relevant documents or otherwise fail to comply with their discovery obligations. Bishop argues that requiring Defendants to produce only the NYPD records which the SCPD requested and/or received from the NYPD at the time officers Zurl

and Friedrich were hired "will result in manifest injustice" because this ruling permits Defendants "to cherry pick" records which "are favorable to their defense and omit [ex]culpatory records that support Plaintiff[s'] *Monell* claims." Pls.' Mem. at 4-6; Bishop Aff. ¶¶ 6-8. In short, Plainitiffs assert that Defendants "cannot be trusted to provide Plaintiff[s] with records that are against their self-interest." Pls.' Mem. at 5. Bishop has offered no support for these claims, which are belied by the volume of paper discovery Defendants have turned over in this case. Indeed, Plaintiffs note in their motion papers that Defendants have provided over 1,250 pages of documents in response to Plaintiffs' discovery requests, including records from the personnel files of officers Zurl and Friedrich. Moreover, the Court points out to Plaintiffs that Defendants' counsel is an officer of the Court, bound by ethical and disciplinary rules to be candid with the Court. Defendants' counsel complied with the Court's September 11, 2014 Order by providing the Court with copies of the NYPD documents Defendants had previously provided to Bishop in response to their discovery demands so that the Court could review these documents. *See* DE 49.[2] In sum, there is nothing in the record which indicates that Defendants and Defendants' counsel have been anything but forthright during the discovery process. Plaintiffs have produced no evidence to the contrary and instead rely on speculation and conjecture. The Court further points out to Plaintiffs that just because they **believe** documents exist does not mean that such documents **do**, in fact, exist and that Defendants are withholding them. Moreover, Plaintiffs are free to question the SCPD supervisor who made the hiring decision regarding any documents or information he or she received should Plaintiffs decide to take a deposition of such supervisor. For the foregoing reasons, the Court has

---

[2] To the extent Plaintiffs assert in their Reply that Defendants did not produce the relevant NYPD documents in their possession with their September 14, 2014 submission, Plaintiffs have provided no support for this contention. *See* Plaintiff Samaad Bishop's Reply Points and Legal Authorities in Further Support of Motion for Reconsideration, [DE 61] at 3.

no basis to conclude that a "manifest injustice" will result to Plaintiffs without the Court reconsidering and revising the August 18, 2014 Order. *Kolel Beth Yechiel Mechil*, 729 F.3d at 104.

Lastly, Bishop argues that the limitations the August 18, 2014 Order places on Plaintiffs' "access" to the officers' NYPD personnel records "works a manifest injustice to Plaintiff, as Plaintiff needs disciplinary records while Defendant were employed by the NYPD to prove his claims of inadequate screening." Pls.' Mem. at 6; Pls.' Supp. Mem. at 3. As noted, Bishop's argument amounts to "a mere disagreement with the Court's legal determination," which "is not a valid basis for reconsideration." *Equal Emp't Opportunity Comm'n v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010); *see also Faulkner v. Nat'l Geographic Soc'y*, 296 F. Supp. 2d 488, 490 (S.D.N.Y.2003), *aff'd on other grounds*, 409 F.3d 26 (2d Cir. 2005) (holding that disagreement with the Court's decision "is a basis for appeal but not for reconsideration."). Again, whatever disciplinary records may be in the NYPD files for these two officers is entirely irrelevant – what matters are the materials in the hands of the SCPD which were provided by the NYPD at the time the hiring process was under way at the SCPD. In addition, Plaintiffs cannot now rely on the assertion that the officers' NYPD disciplinary records are necessary to support a *Monell* claim when Bishop did not advance that theory in his original motion. *See Redd*, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion" (quotations and citations omitted)). The Court further notes that all of the cases Bishop cites in support of his claim that the disciplinary records are relevant to proving *Monell* liability were decided before the August 18, 2014 Order was issued and therefore do not present an intervening change in the law. *See generally Kolel Beth Yechiel Mechil*, 729 F.3d at 104.

Finally, it is well-established that, "in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) *aff,d sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014); *see 287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11–CV–976, 2012 WL 1899222, at *4 (E.D.N.Y. May 24, 2012) (noting that the Federal Rules require district courts to limit discovery when requests are burdensome and overbroad to prevent discovery from becoming "a fishing expedition"). Plaintiffs simply have not shown that the limitations the August 18, 2014 Order placed on the documents to be produced by Defendants were made in "clear error" or would work a "manifest injustice." *Kolel Beth Yechiel Mechil*, 729 F.3d at 104.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration of the Court's August 18, 2014 Order is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
       September 29, 2015

       /s/ A. Kathleen Tomlinson
       A. KATHLEEN TOMLINSON
       U.S. Magistrate Judge