**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SAMAAD BISHOP and JABARI BISHOP,

                      Plaintiffs,

     - against -                                  **ORDER**

                                                            13-446 (JS) (AKT)

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE COMISSIONER
RICHARD DORMER, in his Individual and
Official Capacities, POLICE OFFICER
JOSEPH M. ZURL, SHIELD NO. 5349, in his
Individual and Official Capacities, as a Suffolk
County Police Officer and POLICE OFFICER
DAVID J. FRIEDRICH, SHEILD NO. 5729,
in Individual and Official Capacities as a
Suffolk County Police Officer,

                      Defendants.
-------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The *pro se* Plaintiff has filed a motion, pursuant to Fed. R. Civ. P. 54(b)[1] "for partial revision and/or partial reconsideration of Magistrate Judge Tomlinson's Memorandums and Orders dated 3-31-17 and 8-18-14." DE 133, 134. According to the Plaintiff, the Court "overlooked and missed apprehended [*sic*] key facts, relevant and committed clear error law that needs to be corrected. . . ." DE 13 Specifically, Plaintiff maintains that this Court "committed clear error" when it (1) denied the motion to re-open the deposition of defendant police officer Joseph Zurl [DE 134 at 5]; (2) did not order the defendants to pay the cost for the second deposition of defendants' Rule 30(b)(6) witness [*id*. at 11-12]; (3) held that the plaintiffs acted

---

[1] Although Plaintiffs cite Rule 54(b), the correct Rule which is applicable here is Rule 59(b).

improperly in not engaging in a good faith effort to resolve a discovery dispute surrounding the defendants' deposition testimony in compliance with Local Civil Rule 37.3 [*id*. at 14-15]; and (4) declined to "so order" plaintiffs' proposed subpoena to the NYPD for the defendants' personnel records while employed at the NYPD [*id*. at 16].

Defendants oppose the motion, arguing that there has been no intervening change of controlling law, no new evidence and no need to correct a clear error or prevent a manifest injustice as required on a motion for reconsideration. *See* DE 135. In essence, defendants maintain that the plaintiffs should not be permitted to reargue decisions that had been rendered by the Court some six months and three years prior. *Id*. at 2. Aside from the disqualifying untimeliness, Defendants' counsel points out that plaintiffs merely "recast the same arguments and legal conclusions while stating there was clear error by the Court." *Id.* According to the defendants: (1) plaintiffs have not completed any claims "that place the Defendant Police Officer's mental health in question;" (2) plaintiffs' bare allegation in his *Monell* claim that the Suffolk County Police Department "failed to properly screen" the defendant officers, "without more is insufficient to compel production of psychological records or mental health evaluations " from former employers; (3) the Court need not conduct an *in camera* review of records that were not disclosed to the municipality in making a hiring decision; (4) defendants did not disobey any court order deposition and so I request for Rule 37 sanctions was and still is unfounded. *Id.* at 3-4. Finally, defendants' counsel states that "we are in familiar territory and once again visiting issues that the Court has decided." *Id*. at 4.

A motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may

2

have overlooked in its initial ruling or order." *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing Local Civil Rule 6.3). "The standards governing motions to alter or amend judgment pursuant to [Federal Rule of Civil Procedure] 59(e) and motions for reconsideration or reargument pursuant to Local [Civil] Rule 6.3 are the same." *DirecTV, LLC v. Borbon*, No. 14CV3468, 2015 WL 7281636, at *1 (E.D.N.Y. Nov. 16, 2015) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)) (internal quotation marks omitted); *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014), *aff'd*, 822 F.3d 620 (2d Cir. 2016); *Arnold v. Geary*, 981 F. Supp. 2d 266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 Fed. App'x. 42 (2d Cir. 2014)) (The standards under Rule 59 and Local Civil Rule 6.3 are "identical."). "Accordingly, in the Second Circuit, a Rule 59(e) motion to alter or amend a judgment, like a motion for reconsideration or reargument under Local Civil Rule 6.3, will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision." *Hu Yi Huan v. Fed. Gov't*, No. 10-CV-224, 2010 WL 2773646, at *1 (E.D.N.Y. July 12, 2010) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Shearard v. Geithner*, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010); Local Civil Rule 6.3)); *DaCosta v. Tranchina*, No. 15-5174, 2018 WL 620477, *4 (E.D.N.Y. 2018) (quoting *Shrader*, 70 F.3d at 257); *Dira Realty, LLC/CMP Improvements, Inc.*, 2010 WL 5449851, at *2 (E.D.N.Y. Dec. 28, 2010). In determining a motion for reconsideration, a court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously

3

available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (quotation marks omitted); *see Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. Oct. 9, 1979). Further, "[a] party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting *Schonberger*, 742 F. Supp. at 119) (internal quotation marks omitted), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016)); *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) (citing *Analytical Surveys, Inc.*, 684 F.3d at 52).

"Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 164 F.Supp.3d 558, 560 (S.D.N.Y. 2016)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999); *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115, 111 S. Ct. 2173, 115 L.

Ed. 2d 109 (1991)); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (citing *Kapsis v. Bloom*, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009)).

Local Civil Rule 6.3 provides that motions for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Here, the Plaintiffs seeks reconsideration of this Court's Orders dated August 18, 2014 and March 31, 2017. The instant Motion for Reconsideration, however, was not served on the defendants until September 12, 2017, more than three years after the Court's 2014 Order was issued, and more than five months after the Court's 2017 Order was issued. The Plaintiffs' motion is therefore untimely pursuant to Local Civil Rule 6.3 and on this grounds is denied. *See United States v. One Etched Ivory Tusk of African Elephant*, No. 10-CV-308, 2012 WL 4076160, at *1 (E.D.N.Y. Aug. 27, 2012). Moreover, the Court notes that the plaintiffs previously filed a motion for reconsideration of the Court's August 18, 2014 Order, which this Court denied. DE 91. Any objections to that Order were due to be filed no later than October 23, 2015. Electronic Order of October 22, 2015. The Plaintiffs are no strangers to the process of seeking reconsideration and should be fully aware of the applicable time restrictions at this point in the litigation.

The motion here is grossly untimely. Even if the motion *had* been timely filed, it would still be denied. Plaintiffs have not pointed to any controlling decisions or data that the Court overlooked and which "the movant could reasonably believe would have altered the court's original decision." *Hu Yi Huan*, 2010 WL 2773646, at *1. Likewise, Plaintiffs have not

presented any new evidence which was not previously available on the original motion. Nor is there a need to "correct a clear error or prevent manifest injustice."

For the foregoing reasons, plaintiffs' motion for reconsideration is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
September 25, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge