**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
SAMAAD BISHOP and JABARI BISHOP,

                  Plaintiffs,

              - against -

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE COMMISSIONER
RICHARD DORMER, in his Individual and
Official Capacities, POLICE OFFICER
JOSEPH M. ZURL, SHIELD NO. 5349, in his
Individual and Official Capacities as a Suffolk
County Police Officer, and POLICE OFFICER
DAVID J. FRIEDRICH, SHIELD NO. 5729,
in his Individual and Official Capacities as a
Suffolk County Police Officer,

                  Defendants.
--------------------------------------------------------X

|  |
|---|
| **REPORT AND RECOMMENDATION** |
| CV 13-446 (JS) (AKT) |

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

## I.    PRELIMINARY STATEMENT

    *Pro Se* Plaintiffs Samaad Bishop and Jabari Bishop (collectively, "Plaintiffs")

commenced this civil rights action on January 22, 2013, alleging that the County of Suffolk (the

"County"), Police Commissioner Richard Dormer, and certain unnamed individual Suffolk

County police officers[1] (collectively, "Defendants"), discriminated against them on account of

their race in violation of their constitutional rights pursuant to 42 U.S.C. § 1983. *See generally*

Complaint ("Compl.") [DE 1]. Presently before the Court is Plaintiffs' motion for sanctions,

pursuant to Fed. R. Civ. P. 11 ("Rule 11"), against Suffolk County Attorney Dennis Brown and

Assistant Suffolk County Attorney Kyle Wood, which Judge Seybert has referred to this Court

---

[1]    Plaintiffs have since identified these individuals as Suffolk County Police Officers
Joseph M. Zurl ("P.O. Zurl") and David J. Friedrich ("P.O. Friedrich"). *See* Second Amended
Complaint ("Sec. Am. Compl.") [DE 16].

for a report and recommendation as to whether the motion should be granted.  *See* April 9, 2019 Electronic Referral Order.

Plaintiffs first filed their Rule 11 sanctions motion on December 27, 2017.  *See* Plaintiffs' November 18, 2017 Memorandum of Law in Support of Plaintiffs' Motion for Sanctions ("Pls.' Mem. I") [DE 139].[2]  On that same date, Plaintiffs also filed the December 22, 2017 Declaration of Samaad Bishop in Support of the Motion for Rule 11 Sanctions ("Bishop Decl. I") [DE 138]. It should be noted that the Defendants filed opposition to Plaintiffs' original motion for sanctions on January 25, 2018.  *See* DE 141.  However, on February 14, 2018, Plaintiffs filed a "Notice of Withdrawal of Motion Rule 11 Sanctions Motion," withdrawing both the memorandum of law and the Bishop Declaration.  *See* DE 142.  Plaintiffs stated that the withdrawal was "without prejudice to refile said motion."  *Id*.  The reasons provided for the withdrawal were that the motion did not comply with Rule C-2 of this Court's Individual Rules and that three pages were missing from the memorandum of law.  *Id*.  Plaintiffs added that there was no prejudice to the Defendants by the withdrawal.  *Id*.  Simultaneously incorporated with the Motion to Withdraw was (1) Plaintiffs' February 10, 2018 "Re-filed Memorandum of Law in Reply to Defendants' Opposition and in Further Support of Plaintiffs' Motion for Sanctions Under Rule 11 ("Pls.' Mem. II") [DE 142-2] and (2) Samaad Bishop's February 10, 2018 Declaration in Support of his Refiled Motion for Rule 11 Sanctions ("Bishop Decl. II") [DE 142-1].

Nearly two months later, Plaintiffs submitted a Memorandum of Law in Support of Unopposed Re-Filed Motion for Sanctions Under Rule 11, dated April 9, 2018, which was posted to ECF on April 11, 2018 ("Pls.' Mem. III") [DE 143].  At the same time, Plaintiffs

---

[2]   Although this Memorandum of Law is dated November 18, 2017, it was posted to ECF on December 27, 2017.

submitted the April 4, 2018 Declaration of Samaad Bishop in Support of his Un-Opposed Re-Motioned for Rule 11 Sanctions, which was posted to ECF on April 11, 2018 ("Bishop Decl. III") [DE 144].

It is important to note that in her September 20, 2018 Electronic Order, in addition to granting Plaintiffs' application to withdraw their motion for sanctions, Judge Seybert directed the Clerk of the Court to docket Plaintiffs' re-filed memorandum of law, DE 142-2, as a motion for sanctions and to assign it a separate docket entry number.  The Clerk's Office did so and the separate docket entry number is DE 149, entered on September 20, 2018.  Although the motion has a new number, it is the same document filed at DE 142-2.  The Bishop Declaration which accompanies DE 149 is found at DE 144.  *See* April 4, 2018 Declaration of Samaad Bishop in Support of Un-Opposed Re-Motioned for Rule 11 Sanctions ("Bishop Decl. III") [DE 144].  It is also important to point out that in the same Electronic Order, Judge Seybert granted Defendants' request [DE 140] for an extension of time to oppose Plaintiffs' motion for sanctions nunc pro tunc, and further deemed Defendants' response [DE 141] timely.

In any event, with respect to the substance of the instant Motion [DE 149 and DE 144], Plaintiffs contend there are material omissions and misstatements of fact contained in two of the Defendants' filings:  (1) Defendants' July 21, 2016 letter application for a pre-motion conference in order to move for summary judgment (*see* Defendants' Letter Motion for Pre-Motion Conference ("Defs.' Letter Mot.")) [DE 129]; and (2) Defendants' September 21, 2017 letter in response to Plaintiffs' September 12, 2017 status report and in opposition to Plaintiffs' September 12, 2017 Motion for Reconsideration of a discovery ruling (*see* Defendants' Response to Plaintiffs' Status Report and Opposition to Plaintiffs' Motion for Reconsideration

("Defs.' Opp'n")) [DE 135].  For the reasons which follow here, this Court respectfully recommends to Judge Seybert that Plaintiffs' Motion for Rule 11 sanctions be DENIED.

II.   **BACKGROUND**

A.   **Statements Contained in the Third Amended Complaint**

The following assertions are taken from Plaintiffs' Third Amended Complaint ("Third Am. Compl.").  The Plaintiffs contend that their constitutional rights were violated by the Defendants in relation to a traffic stop which occurred on January 20, 2010.  *See generally* Third Am. Compl.  Plaintiffs maintain that prior to this incident,

> representatives and/or executives from the COUNTY OF SUFFOLK and COMMISSIONER DORMER during an official meeting or at an unofficial meeting discussed, determined, desired, strategized and came to an agreement between themselves to implement and enforce arbitrary 'productivity standards' or de factor quotas of a certain number of traffic stops and specific types of arrests per month for each SCPD police officer to be an effective policing and crime fighting tool to reduce crime and maintain law and order in Suffolk County, even if said traffic stops of motorist[s] driving in the County of Suffolk are not based upon articulable objective reasonable suspicion of criminality or on probable cause of criminality."

Third Am. Compl. ¶ 18.  According to the Plaintiffs, Suffolk County Police Department ("SCPD") officers who failed to meet the productivity standards faced adverse employment consequences from the County and Commissioner Dormer.  *Id*. ¶ 20.   In particular, Plaintiffs assert that P.O. Zurl and P.O. Friedrich were aware of the County policy regarding productivity standards and "*de facto* quotas" and the consequences of failing to meet those standards and quotas.  *Id*. ¶ 21.  Plaintiffs contend that this policy resulted in Officers Zurl and Friedrich unreasonably stopping the Plaintiffs on January 20, 2010, "without any objective reasonable suspicion of criminality or probable cause of a crime or violations of the law that a crime about to be committed or was in fact being committed. . ."  *Id.*

4

Plaintiffs were stopped and pulled over by Officers Zurl and Friedrich while driving in Amityville, New York.  *Id.* ¶¶ 27-29, 56-57.  Once Plaintiffs were stopped, P.O. Zurl identified himself and requested Plaintiff Jabari Bishop's driver's license, insurance, and motor vehicle registration.  *Id.*  ¶¶ 35-36.  According to the Third Amended Complaint, Officer Zurl advised Plaintiff Jabari Bishop that he was pulled over for "creeping."  *Id.* ¶¶ 63-64.  Without issuing any summonses, searching any of the occupants in the vehicle, or placing any of the occupants under arrest, P.O. Zurl and P.O. Friedrich informed Plaintiffs they were free to leave and the officers returned to their vehicle.  *Id.* ¶¶ 48, 74.  Plaintiffs state that "any other objectively reasonable police officer under the very same circumstances . . . would have concluded that Jabari Bishop was in fact obeying all traffic laws and did not commit any traffic violations which would justify" the traffic stop.  *Id.* ¶ 81.

### B.      Procedural History

Plaintiffs' original Complaint, asserting claims of racial profiling, was filed on January 22, 2013.  *See* Compl. ¶ 15.  An Amended Complaint was filed on May 20, 2013, alleging additional claims for false arrest and false imprisonment as well as a cause of action for failure to intervene.  *See* Am. Compl. ¶¶ 38-47 [DE 7].  On November 6, 2013, Plaintiffs filed a Second Amended Complaint, naming Police Officers Zurl and Friedrich in place of "John Does #1 and #2."  *See* Sec. Am. Compl. ¶¶ 18-19 [DE 16].  This Court conducted an Initial Conference with the parties on December 9, 2013 and implemented a Case Management and Scheduling Order which set April 4, 2014 as the deadline to amend the pleadings.  *See* December 9, 2013 Civil Conference Minute Order [DE 33].  On April 10, 2014, by stipulation of

5

the parties, Plaintiffs filed a Third Amended Complaint, which is the operative pleading in this action.[3]

The Court conducted a Status Conference on November 30, 2015 and issued the Final Scheduling Order which set February 29, 2016 as the discovery deadline. *See* November 30, 2015 Civil Conference Minute Order [DE 98]. In accord with Judge Seybert's Individual Rules regarding summary judgment motion practice, the Court issued the following schedule: (1) movant's Rule 56.1 Statement of Undisputed Facts to be served by March 23, 2016; (2) opposing party's Rule 56.1 Counterstatement to be served by April 15, 2016; and (3) any letter requests for a pre-motion conference to Judge Seybert to be filed by April 29, 2016. *Id.*[4] These deadlines were extended several times between April and July 2016. *See* April 8, 2016 Electronic Order; May 31, 2016 Electronic Order; June 27, 2016 Electronic Order. Ultimately, the parties (1) exchanged Rule 56.1. Statements of Undisputed Facts and Counterstatements, and (2) moved for a pre-motion conference before Judge Seybert.

### 1.    The Parties' Motions for a Pre-Motion Conference

On July 6, 2016, Plaintiffs filed a letter request to Judge Seybert seeking a pre-motion conference for purposes of filing a motion for partial summary judgment against Police Officers Zurl and Friedrich. *See* DE 128. Plaintiffs pointed out that they were not looking for summary

---

[3]    The Court notes that on July 7, 2014, Plaintiffs sought leave to file a Fourth Amended Complaint to include a claim under 42 U.S.C. § 1986. *See* DE 36. On December 23, 2014, during a Status Conference with the parties, the Court (1) granted Plaintiffs' request to formally withdraw the proposed Fourth Amended Complaint, and (2) set a briefing schedule for a new Fourth Amended Complaint. *See* December 23, 2014 Civil Conference Minute Order [DE 72]. Judge Seybert ultimately denied Plaintiffs' motion for leave to file a new Fourth Amended Complaint on September 30, 2015. *See* Memorandum and Order Denying Motion for Leave to File [DE 94].

[4]    During the Status Conference, each party advised the Court that they intended to move for summary judgment. *See* November 30, 2015 Civil Conference Minute Order [DE 98].

judgment at that time on their *Monell* claim against the County because "there are two open motions before Magistrate Tomlinson that may affect Plaintiffs' Monell claims." *Id*. The essence of Plaintiffs' request to proceed with summary judgment motion practice was based on their argument that P.O. Zurl and P.O. Friedrich conducted an illegal *Terry* stop as demonstrated by their deposition testimony, written admissions, and documentary evidence. *Id*. Plaintiffs argued that the relevant facts adduced during discovery show, among other things, that:

(1)  driving at a slow rate of speed and making sudden stops on a local street is not a crime, traffic infraction, or violation of any other law; (2) Police Officers Zurl and Friedrich conceded that they did not suspect Plaintiffs of committing a crime, traffic infraction, or violation of any other law prior to the subject traffic stop; and (3) the officers' deposition testimony was inconsistent with written statements provided to the Suffolk County Internal Affairs Bureau, including testimony about whether the officers had any information about "shots fired" or gang activity in close proximity to the location of the subject traffic stop prior to the stop. *Id*.

Defendants opposed Plaintiffs' application [DE 126] and filed their own letter request for a pre-motion conference to Judge Seybert. *See* DE 129. Defendants argued that the relevant facts adduced during discovery show that no constitutional violations occurred during Plaintiffs' traffic stop on January 20, 2010 in North Amityville, New York. *Id*. In addition to exchanging paper discovery, Defendants completed depositions of the Plaintiffs, non-party witness Delia Bishop, Police Officers Zurl and Friedrich, and the SCPD Rule 30(b)(6) witness. *Id*. According to Defendants' counsel, the deposition testimony showed that:  (1) Police Officers Zurl and Friedrich were on patrol in North Amityville on the date of the incident and were aware that there had been prior shootings in the area; (2) the officers observed Plaintiffs' vehicle moving at a slow rate of speed and making numerous stops on the side of the road at a location where

known gang members resided; (3) the interaction between Plaintiffs and the officers was very brief and lasted only a few minutes; (4) the officers did not make any arrests; (5) Police Officers Zurl and Friedrich never searched Plaintiffs or their vehicle; (6) the officers never requested that any party exit Plaintiffs' vehicle; and (7) Plaintiffs' vehicle was already stopped on the side of the road at the time the police officers approached on foot. *Id*.

Ultimately, Judge Seybert denied both parties' applications for a pre-motion conference, without prejudice, until this Court resolved Plaintiffs' application for permission to continue the deposition of P.O. Zurl and to depose an SCPD Rule 30(b)(6) witness. *See* July 25 and July 26, 2016 Electronic Orders denying DE 128 and DE 129 respectively.

### 2.    *The Motion Then Pending Concerning Depositions*

The motion pending at the time Judge Seybert denied the parties' requests for a pre-motion conference was Plaintiffs' application for an Order: (1) directing the parties to continue the deposition of P.O. Zurl at the County's expense; and (2) directing the County to produce an SCPD Rule 30(b)(6) witness at the County's expense. *See* DE 107. According to Plaintiffs, during P.O. Zurl's February 25, 2016 deposition, Defendants' counsel instructed P.O. Zurl not to answer questions concerning psychological tests which P.O. Zurl took to be considered for employment as a Police Officer with the City of New York. *Id*. Plaintiffs argued that "psychological records bear [ on Plaintiffs'] claims as to whether . . . . [the Police Officer] [d]efendants were properly screened in connection . . . [with] their [] employment with [NYPD] and their current employment with the Suffolk County Police Department." *Id*. With respect to the SCPD Rule 30(b)(6) witness, Plaintiffs claimed that the County had failed to produce a witness in connection with Topic 6 listed in the Notice. *Id*. That topic covered, among other things, the SCPD's hiring requirements, practices, and policies. *Id*. Plaintiffs argued that they

were entitled to depose a Rule 30(b)(6) witness based on their *Monell* claim of failure to properly train or supervise police officers. *Id.*

On March 31, 2017, this Court granted the pending motion, in part. *See* March 31, 2017 Memorandum and Order [DE 130]. While denying the application to re-open P.O. Zurl's deposition, the Court did direct the SCPD to produce a Rule 30(b)(6) witness for the limited deposition outlined in that decision. *Id*.

When there appeared to be no activity in the case for several months, the Court directed the parties to file a written status report no later than September 12, 2017. *See* September 5, 2017 Electronic Order. In their status report, Defendants advised that (1) Plaintiffs never contacted Defendants to schedule the limited Rule 30(b)(6) deposition, and (2) Defendants wished to proceed with summary judgment motion practice and intended to make a new application for a pre-motion conference to Judge Seybert. *See* Defendants' September 11, 2017 Status Report [DE 131]. Plaintiffs responded with their own status report a day later and stated that they ***did*** correspond with Defendants' counsel concerning the Rule 30(b)(6) deposition. *See* Plaintiffs' September 12, 2017 Status Report [DE 132]. Plaintiffs assert that they had informed Defendants' counsel of their disagreement with the Court's Order concerning the limitations of the Rule 30(b)(6) deposition and that they intended to move for reconsideration. *Id.*[5] According to Plaintiffs, "Defendants' claim that [they intend to] proceed with summary judgment . . . is spurious [since] . . . a plethora of genuine disputed issues [of] material[] fact [] must be resolved by a jury." *Id.* In addition, Plaintiffs stated that Defendants' status report contained "false

---

[5]   Plaintiffs filed a motion for reconsideration on the same day. *See* DE 133. That motion was ultimately denied. *See* Order Denying Motion for Reconsideration [DE 150].

statements . . . and material [omissions] of fact." *Id*.  Plaintiffs intimated that they would bring a motion for sanctions under Rule 11. *Id*.

Defendants responded to Plaintiff's status report, as well as Plaintiff's motion for reconsideration, on September 22, 2017. *See* Defs.' Opp'n [DE 135].  In that response, Defendants argued that Plaintiffs' motion for reconsideration was untimely and reiterated Defendants' wish to proceed with summary judgment motion practice. *Id*.  In support of their position, Defendants emphasized the facts previously set forth in their earlier request [DE 129] for a pre-motion conference. *Id*.   Defendants argued, in view of applicable case law, that "[b]ased on the testimony provided . . . [P]laintiffs were not subjected to a restraint that was in any measure similar to a formal arrest." *Id*.

On December 27, 2017, Plaintiffs filed the first iteration of the instant motion seeking Rule 11 sanctions against the Defendants for misrepresentations and omissions purportedly contained in Defendants' Pre-Motion Conference letter request, DE 142-1, Ex. A, and Defendants' September 21, 2017 Opposition to Plaintiffs' motion for reconsideration [DE 135]. Pls.' Mem. I at 1.   Plaintiffs asserted that Defendants' "letters contain material omissions of fact, false statements of facts and facts that have been contradicted and controverted by sworn testimony and documents that are in admissible form." *Id*.  Defendants opposed Plaintiffs' December 27, 2017 filing on January 25, 2018 and pointed out that several pages appeared to be missing from Plaintiffs' filing. *See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Sanctions ("Defs.' Mem.") [DE 141-7].  Based on Defendants' opposition pointing out the missing pages, Plaintiffs withdrew their December 27, 2017 motion and filed a new motion for sanctions on February 14, 2018, including a corrected memorandum of law. *See* Plaintiffs' Notice of Withdrawal of Sanctions Motion [DE 142]; Pls.' Mem. II.  Defendants did

not file a new response to Plaintiffs' February 14, 2018 filing, and Plaintiffs proceeded to file a reply on April 11, 2018. *See* Memorandum of Law in Support of Unopposed Re-filed Motion for Sanctions ("Pls.' Mem. III") [DE 143].

In Plaintiffs' April 2018 reply, Plaintiffs asserted that Defendants had failed to timely file opposition papers and characterized their motion for Rule 11 sanctions as unopposed. *Id.* Yet Plaintiffs also addressed the arguments raised in Defendants' January 25, 2018 filing [DE 141] in the event the Court were to consider those arguments. *See generally id.*

Further, in addressing the "safe-harbor" provision of Rule 11, Plaintiffs pointed out that Defendants' counsel had failed to withdraw the filings at issue (*i.e.*, Defendants' Pre-Motion Conference letter request and Defendants' September 21, 2017 Opposition to Plaintiffs' motion for reconsideration), despite being served with Plaintiffs' papers at the time of filing and having had ample opportunity to withdraw the filings under Rule 11. *See id.* at 2.

On April 13, 2018, Defendants filed a letter response to Plaintiffs' April 4, 2018 Reply (Pls.' Mem. III) and the Declaration in Support of Un-Opposed Re-Motioned for Rule 11 Sanctions (Bishop Decl. III), advising that "to the extent there is any question regarding the plaintiff's re-filed and/or corrected Rule 11 motion, County defendants rely on the Memorandum of Law in Opposition, Declaration and attached exhibits filed on January 25, 2018." *See* Defendants' Response to Plaintiffs' April 2018 Reply [DE 146].

As the Court pointed out previously, *see* page 3 *supra*, Judge Seybert, in her September 20, 2018 Electronic Order, directed the Clerk of the Court to docket Plaintiffs' re-filed memorandum of law, DE 142-2, as a motion for sanctions and to assign it a separate docket entry number. In that same Electronic Order, Judge Seybert granted Defendants' request [DE 140] for an extension of time to oppose Plaintiffs' motion for sanctions nunc pro tunc, and

further deemed Defendants' response [DE 141] timely.  That ruling disposes of Plaintiffs' argument that Defendants' opposition to the sanctions motion was not timely.

**III.**    **THE CURRENT MOTION FOR RULE 11 SANCTIONS**

    **A.**    **Plaintiffs' Contentions**

Plaintiffs argue that Suffolk County Attorney Dennis Brown and Assistant County Attorney Kyle Wood should be sanctioned because counsel have:  (1) "misle[]d the Court by omitting material and critical facts in the instant matter;" (2) "omitted testimonial and documentary evidence that would prevent [Defendants] from seeking Summary Judgment;" and (3) misrepresented the law, thereby "deceiving and misinforming the Court."  Pls.' Mem. III at 1, 8, 12.  According to the Plaintiffs, evidence of these "omissions" can be seen in the July 11, 2016 pre-motion conference letter request submitted to Judge Seybert and the September 21, 2017 letter to submitted to this Court opposing the motion for reconsideration.  *Id*. at 1.  A copy of the July 11, 2016 letter to Judge Seybert is attached to the February 10, 2018 Declaration of Samaad Bishop ("Bishop Decl. I") [DE 142-1] as Exhibit A.  Although the Bishop Declaration contains a page marked "Exhibit B," which is supposed to be the September 21, 2017 letter to this Court, the page is blank.  However, the letter referenced by Bishop Declaration I as Exhibit B can be found at DE 135.

Generally, Plaintiffs complain that Defendants' counsel have made "dishonest representations to the Court" by reciting only "small portions of the facts . . . [and] evidence" concerning the traffic stop underlying the instant action.  Pls.' Mem. III at 13.  Plaintiffs have provided a table entitled "Material/Critical Facts Omitted By Defense Counsel" which, according to Plaintiffs, summarizes instances in which "Defendant[s] [counsel] omitted from the Court vital relevant information that is not supported by the Record and controverts [] testimony."  *Id*.

at 1, 6.  Specifically, in contrast to the recitation of facts and summary of law set forth in

Defendants' Pre-Motion Conference letter request, *see* DE 142-1, Ex. A, and Defendants'

September 21, 2017 Opposition to Plaintiffs' motion for reconsideration, *see* DE 135, Plaintiffs

contend that:  (1) the deposition testimony indicates that at least P.O. Friedrich was unaware of

"recent shootings" in North Amityville on the date of Plaintiffs' traffic stop, *see* Pls.' Mem. III

at 6-9; (2) Defendants concede Plaintiffs did not violate any laws by travelling at a slow rate of

speed and making numerous stops at a known gang location, *see id* at 9-11; (3) Defendants'

counsel misconstrues the law under *Terry* by suggesting that the brief interaction between

Plaintiffs and Police Officers Zurl and Freidrich was not a "detention" within the meaning of the

law, *see id* at 12; (4) Defendants' counsel misconstrues Plaintiffs' Fourth Amendment claims as

an unlawful search claim, *see id* at 13; (5) evidence adduced during discovery indicates that

Police Officers Zurl and Friedrich conducted a traffic stop on Plaintiffs' vehicle by pulling over

the vehicle using lights and sirens, *see id* at 14-18; (6) Defendants' counsel misconstrues the

applicable seizure case law by arguing that Plaintiff Samaad Bishop has no claim for unlawful

seizure because he did not speak with the officers, *see id* at 19-20; and (7) Defendants' counsel

misconstrues the facts and case law by asserting that Plaintiffs' traffic stop was "non-

threatening," *see id.* at 20-25.  Plaintiffs refer to the record amassed during discovery, including

their own deposition transcripts and case law, to support their contention that Defendants'

omissions, misstatements, and mischaracterizations are sanctionable under Rule 11. *See*

*generally* Pls.' Mem III.

### B.    Defendants' Opposition

As a preliminary matter, the Court notes that on April 11, 2018, Plaintiffs filed a

Memorandum of Law in Support of Rule 11 Sanctions [DE 143], along with a Declaration of

Samaad Bishop in support of the motion ("Bishop Decl. II) [DE 144], in which Plaintiffs take the position that their motion is "unopposed," that the time for Defendants to respond "has long expired," and that "it appears that Defendants have waived" opposition to the motion.  Bishop Decl. II, ¶¶ 2, 6.   However, Defendants advised the Court on April 13, 2018 that "to the extent there is any question regarding the plaintiff's re-filed and/or corrected Rule 11 motion, County defendants rely on the Memorandum of Law in Opposition, Declaration and attached exhibits filed on January 25, 2018."  *See* Defendants' April 2018 Letter [DE 146].  Likewise, as noted previously (page 3, *supra*) by this Court, Judge Seybert's September 20, 2018 Electronic Order resolved this issue once and for all – Defendants' Opposition filed at DE 141 is timely.

In opposition to Plaintiffs' Motion for Rule 11 sanctions, Defendants:  (1) underscore that the factual assertions made in Defendants' Pre-Motion Conference letter request, *see* DE 142-1, Ex. A, and Defendants' September 21, 2017 Opposition to Plaintiffs' motion for reconsideration, *see* DE 135, were taken from Defendants' Rule 56.1 statement, which provided deposition transcript citations; and (2) argue that Plaintiffs' motion is really an opposition to Defendants' anticipated summary judgment motion, focusing on eight issues in particular.  Defs.' Mem. at 2. Defendants state that "Plaintiff[s'] current motion is not based on a questionable pleading or submission to the Court that in and of itself is dispositive of any issue."  *Id*.   They further contend that Plaintiffs have "attempted to improperly dissuade the [] [D]efendants from exercising their right to defend themselves in this matter."  *Id*.  Defendants address each of the points highlighted in Plaintiffs' motion, and provide citations -- where appropriate -- to deposition transcripts and governing case law to support the facts and law as set forth in DE 142-1, Ex. A, and DE 135.  *Id*. at 11.

## IV.   APPLICABLE LEGAL PRINCIPLES

### A.   Specific Rule 11 Provisions at Issue

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

. . . (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

> (3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>
> \*    \*    \*
>
> (d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Fed. R. Civ. P. 11.

Under Rule 11, "[s]anctions may be—but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.,* 698 F.3d 58, 63 (2d Cir. 2012) (citing Fed. R. Civ. Proc. 11(b)-(c)). The Supreme Court has stated that Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). Accordingly, courts considering motions for sanctions under Rule 11 must "resolve all doubts in favor of" the party against whom sanctions are sought. *Rodick v. City of Schenectady,* 1 F.3d 1341, 1350 (2d Cir. 1993). "Sanctions should be imposed only where it is patently clear that a claim has absolutely no chance of success." *Lee v. Grand Sichuan E. (N.Y.) Inc.,* No. 12-CV-08652 SN, 2014 WL 199512, at \*1 (S.D.N.Y. Jan. 17, 2014) (internal quotation marks and citation omitted).

Generally, "liability for Rule 11 violations requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 579 F.3d 143, 150–51 (2d Cir. 2009) (internal quotation marks and citation omitted). District courts have "significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition by the offending person or comparable

conduct by similarly situated persons." *Lee*, 2014 WL 199512 at *1 (internal quotation marks and citation omitted). Once a court determines that Rule 11(b) has been violated, *it may in its discretion* impose sanctions . . . ." *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) (citing Rule 11(c)(2)). "Rule 11 does not, after all, authorize sanctions for merely frustrating conduct." *Lawrence v. Richman Group of CT LLC*, 620 F. 3d 153, 158 (2d Cir. 2010).

Importantly, "[i]n assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action." *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755, 2007 WL 2021905, at *3 (E.D.N.Y. Mar. 16, 2007) (citing *Cooter & Gell*, 496 U.S. at 396); *Intl. Tech. Mktg., Inc. v. Verint Sys., Ltd.*, 1:15-CV-2457, 2019 WL 1244493, at *7 (S.D.N.Y. Mar. 18, 2019) ("The appropriateness of sanctions is distinct from the underlying merits of a claim."). Rather, in performing a Rule 11 analysis, the Court determines "a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Rates Tech.*, 2007 WL 2021905, at *3 (citing *Cooter,* 496 U.S. at 396).

### B.    Application to the Current Motion

Initially**,** Plaintiffs appear to have complied with Rule 11's "safe-harbor" provision, requiring that the moving party serve the motion on the opposing party and then wait at least 21 days before filing the motion with the Court. *See* Rule 11(c)(2). According to the "safe harbor" provision, a motion for sanctions "must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* Here, Plaintiffs state that they served Suffolk County with a copy of their motion for Rule 11 sanctions on or about November 20, 2017 and then waited more than 21 days before filing the motion. *See* Bishop Decl. I, ¶¶ 3, 11. As noted, Plaintiffs then filed

17

another iteration of the instant motion on December 27, 2017 and February 14, 2018 – both more than 21 days after Plaintiffs served a copy of their initial Rule 11 sanctions motion on Defendants on November 20, 2017.[6]

As to the substance of their Motion, Plaintiffs argue that the Court should sanction Defendants' counsel because they omit evidence from Defendants' Pre-Motion Conference letter request, *see* DE 142-1, Ex. A, and Defendants' September 21, 2017 Opposition to Plaintiffs' motion for reconsideration [DE 135]. Plaintiffs maintain that this evidence -- if it were presented -- would prevent Defendants from seeking summary judgment in this matter. *See* Pls.' Mem. III.

However, a closer review of Plaintiffs' Rule 11 Motion shows that the motion is really styled as an opposition to Defendants' anticipated motion for summary judgment in that it sets forth arguments as to the ***merits*** of Plaintiffs' causes of action. Significantly, however, a Rule 11 motion is an improper mechanism for arguing the merits of a party's position. *Lee*, 2014 WL 199512, at *3 ("Nor should Rule 11 motions be prepared to emphasize the merits of a party's position.") (citing Rule 11 Advisory Committee Note); *see also Kara Holding Corp. v. Getty Petroleum Mktg., Inc.,* 99 Civ. 0275, 2004 WL 1811427, at *22 (S.D.N.Y. Aug. 12, 2004) (disregarding arguments in a Rule 11 motion that pertained to the merits of a summary judgment motion). Further, the Second Circuit has noted that "[a] firmly held conviction of the correctness of one's position does not authorize collateral attack on an opponent's legal arguments by resort to Rule 11. To hold otherwise would be to condone wasteful motion practice as well as invite

---

[6]    Although it is not entirely clear whether Plaintiffs served Defendants each iteration of their Rule 11 sanctions motion prior to filing, the Court is satisfied that Plaintiffs have complied with the requirements under Rule 11's "safe-harbor" provision since each version of Plaintiffs' Rule 11 sanctions motion has offered the same material arguments in connection with the same papers filed by Defendants -- Defendants' Pre-Motion Conference letter request [DE 142-1, Ex. A], and Defendants' September 21, 2017 Opposition to Plaintiffs' motion for reconsideration [DE 135]. *Compare* Pls.' Mem. I, Mem. II, Mem. III.

responsive cross-motions for sanctions." *On Time Aviation, Inc.,* 570 F. Supp. 2d 328, 332 (D. Conn. 2008), *aff'd*, 354 Fed. App'x 448, 451 (2d Cir.2009). "Thus, 'the imposition of sanctions is an issue collateral to and independent from the underlying case,' as sanctions decisions are 'not a judgment on the merits of an action.'" *Schlaifer Nance & Co., Inc. v. Estate of Warhol,* 194 F.3d 323, 333 (quoting *Cooter,* 496 U.S. at 395–96).

Here, Plaintiffs' Motion rests almost entirely on disagreements about the material facts as summarized in Defendants' letter motion for a pre-motion conference [DE 142-1, Ex. A] and Defendants' Opposition to the Rule 11 Motion [DE 141-7], notwithstanding that the facts set forth in Defendants' Rule 11 Motion are derived from Defendants' Rule 56.1 Statement with appropriate citations to the record. For example, Plaintiffs state that Defendants "stick to the script of misinforming the court" when Defendants assert that Police Officers Zurl and Friedrich "did not utilize lights or sirens" to pull over Plaintiffs' vehicle. Pls.' Mem. III at 18. Plaintiffs argue that this assertion is contradicted by "Samaad Bishop' Rule 50-H testimony; Samaad Bishop's deposition testimony; and Jabari Bishop's deposition testimony." *Id.* Even if there is such a "contradiction," that information cannot serve as a basis for Rule 11 sanctions. It simply demonstrates that the parties have differing views of the underlying facts at the core of this litigation – factual disputes which will be resolved either on summary judgment or at trial. Plaintiffs make similar arguments in connection with each of the factual discrepancies identified in their sanctions motion. In doing so, Plaintiffs attempt to persuade the Court that Defendants must be sanctioned under Rule 11 because Defendants have advanced a view of the facts that is inconsistent with Plaintiffs' theory of the case.

Significantly, in response to Plaintiffs' sanctions motion, Defendants provide citations to the record amassed to date – citations utilized to support the facts as asserted in Defendants'

Rule 56.1 Statement, Defendants' letter motion for a pre-motion conference and Defendants'

Opposition to the motion for reconsideration, including the deposition transcripts of Police

Officers Zurl and Friedrich. *See, e.g.*, Defs.' Mem. III (citing Friedrich Dep. 30:18-25 (stating

that Defendants did not utilize lights or sirens and did not pull over Plaintiff)).

Nor have Plaintiffs established a proper basis for an award of sanctions by identifying

alleged contradictions between facts purportedly omitted by Defendants' counsel and facts

actually set forth by Defendants' counsel.  According to Plaintiffs, although Defendants'

Opposition states that the officers "were aware that there had been prior shootings in the area,"

P.O. Friedrich offered deposition testimony that he did not recall any "confirmed shootings" or

"recent shootings" in the area on the date of the subject traffic stop.  *See* Pls.' Mem. III. at 6-7.

However, a close reading of the portion of P.O. Friedrich's deposition transcript on which

Plaintiffs rely shows that P.O. Friedrich stated "[t]here were numerous shootings in the area."

*See* Bishop Decl. I, Ex. C (Transcript of the February 25, 2016 Deposition of P.O. Friedrich) at

24:5-7.  Although P.O. Friedrich did not recall the dates of the shootings, or how many there

were, *id.* at 25: 9-15, he nonetheless testified that he was aware of prior shootings in the area.[7]

As such, Plaintiffs have failed to identify an actual inconsistency and instead have provided

tailored excerpts which slant the testimony in order to support a point being made.  Because P.O.

Friedrich did not testify to specific details underlying those shootings does not equate to a lack of

knowledge of "prior shootings in the area."  Consequently, with respect to the officers'

knowledge of prior shootings in the area, the Court does not find that Defendants' submissions

misrepresent the facts.  *See Brown v. Artus*, 647 F. Supp. 2d 190, 205 (N.D.N.Y. 2009)

---

[7]     Plaintiffs undermine their arguments by including only self-selected and incomplete sections of P.O. Friedrich's deposition testimony.

(declining to recommend Rule 11 sanctions where plaintiff complained of purported contradictions contained in defendants' motion for partial summary judgment where plaintiff did not "unequivocally" establish a contradiction in defendants' materials).  Moreover, this type of argument, as stated previously, is improper in the context of a Rule 11 motion.

In essence, Plaintiffs argue that Defendants' purported inconsistent recitation of the facts is misleading and deceptive.  However, Defendants are entitled to assert their theory of the case and the facts they see which support that theory, even when doing so results in competing interpretations of the material facts.  The Court does not find that Defendants have "abused" the judicial process by advancing their interpretations of what happened in this case.   Parties are entitled to submit requests for a pre-motion conference, as Defendants have done here.

According to Judge Seybert's Individual Rules regarding motion practice,

> [a] party seeking to file a motion for summary judgment must first serve a statement pursuant to Rule 56.1 of the Local Rules for the Eastern District of New York setting forth the material facts as to which the moving party contends there is no genuine issue to be tried. Each statement of material fact must be followed by a citation to admissible evidence, as set forth and required by Rule 56(e) of the Federal Rules of Civil Procedure.
>
> ***
>
> After receiving the opposing party's Rule 56.1 Counterstatement pursuant to Local Civil Rule 56.1, should the movant still wish to move for summary judgment, the movant shall write to Judge Seybert and request a pre-motion conference. This letter should be filed electronically with a courtesy copy to Chambers. [] In no more than three (3) pages, the letter should briefly state the basis for the anticipated motion.

Individual Motion Practices of Hon. Joanna Seybert (Amended January 20, 2016), Rule F(1)-(2).

Here, Defendants' goal was to move for summary judgment.  They complied with Judge Seybert's Individual Rules, first serving a Rule 56.1 Statement — setting forth the material facts as to which *Defendants* contend there is no genuine issue to be tried — and then filing a three-page letter motion.  Significantly, Plaintiffs served their own Rule 56.1 Statement and requested

a pre-motion conference, setting forth a competing view of the material facts. *See generally* Plaintiff's Rule 56.1 Responsive Statement and Counter-Statement To the Suffolk County Defendants' Rule 56.1 Statement Of Material Facts [DE 128].  As such, the Court declines to recommend sanctions to the extent Plaintiffs' Motion is based on purported factual contradictions or inconsistencies in Defendants' letter motion for a pre-motion conference and their opposition to Plaintiffs' motion for reconsideration.  These procedures as followed by both sides are perfectly appropriate in the context of summary judgment motion practice under Judge Seybert's Individual Rules.  Consequently, there is no conduct warranting sanctions under Rule 11.

With respect to Plaintiffs' argument that Defendants have misrepresented the law in a sanctionable way, the Court notes that Defendants cite relevant search and seizure and qualified immunity case law and argue their position – as lawyers do – why the facts are ripe for a favorable ruling on summary judgment.  In accordance with Judge Seybert's Individual Rules, Defendants' motion for summary judgment must contain the basis for the dispositive relief they are seeking, including legal analysis.  To the extent Plaintiffs offer competing analysis in the instant motion, Plaintiffs advance arguments on the merits of Defendants' anticipated motion for summary judgment, which are inappropriate in a Rule 11 motion based upon all the case law previously cited.  For example, Plaintiffs maintain that the subject traffic stop was "threatening" and therefore custodial, *see* Pls.' Mem. III at 19-22, arguing that Defendants' position that the stop was non-threatening and non-custodial misrepresents the law.  *See* Defs.' Mem. at 2.  However, Defendants offer support for their position, including their assertion that the officers did not have their weapons drawn, and reference the cases which they contend support that argument.  *See* Defs.' Mem. at 2.  While Plaintiffs disagree with Defendants' analysis – as is

their right -- the Court does not find that Defendants have misconstrued or misrepresented the applicable law of that the arguments are objectively unreasonable.  Therefore, the Court declines to recommend sanctions under Rule 11 based upon the particular circumstances relied upon by the Plaintiffs.

## V.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends to Judge Seybert that Plaintiffs' motion for Rule 11 sanctions against Suffolk County Attorney Dennis Brown and Assistant Suffolk County Attorney Kyle Wood be DENIED.

## VI.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from entry of this Report and Recommendation to file written objections.  *See* Fed. R. Civ. R. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  In the case of a plaintiff proceeding *pro se*, the plaintiff must file his objections in writing with the Clerk of the Court within the 14-day period noted above.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert.  Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Counsel for the Suffolk County Defendants is directed to serve a copy of this Report and Recommendation upon the pro se Plaintiff forthwith by overnight mail and first-class mail and to file proof of such service on ECF by the close of business on September 4, 2019**.

**SO ORDERED.**

Dated: Central Islip, New York
      August 31, 2019

                           /s/ A. Kathleen Tomlinson
                           A. KATHLEEN TOMLINSON
                           U.S. Magistrate Judge